**ARKWRIGHT MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**Civ. A. No. 88–2152–Mc.**

United States District Court,
D. Massachusetts.

July 3, 1990.

Paul D. McCarthy, Looney & Grossman, Boston, Mass., for plaintiff.

Sherry Yee Mulloy, Peter J. Black, Meehan, Boyle & Cohen, P.C., Boston, Mass., for defendant.

MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

This matter is before the Court on defendant Pan American World Airways' (Pan

Am) motion for summary judgment. Arkwright Mutual Insurance Company (Arkwright) as subrogee of Crouse–Hinds Navigation Aids (Crouse–Hinds) brought suit in Suffolk Superior Court alleging damages for failure to deliver air cargo shipped by defendant. Pursuant to 28 U.S.C. § 1446, Pan Am removed the suit to Federal District Court.

On December 14, 1987, Crouse–Hinds arranged for air shipment of a lighting system from the manufacturer's plant in Tel Aviv, Israel to Windsor Locks, Connecticut. Pan Am was unable to effectuate delivery for 130 days. Prior to actual delivery, Crouse–Hinds sent a number of letters to Pan Am advising that they would be seeking damages for non-delivery. Defendant finally located the missing unit on May 17, 1988, and advised Crouse–Hinds accordingly. The lighting system was delivered on June 23, 1988 and signed for as "received in good order and condition".

Although plaintiff's complaint alleges non-delivery, there is no dispute that actual delivery did, in fact, take place. In accordance with the parties' oral arguments at hearing and plaintiff's answers to interrogatories, the basis for plaintiff's claim is not damages due to non-delivery, but rather for damages due to delay in delivery.

The liability of air carriers engaged in international transportation is governed by a multi-lateral treaty entitled "Convention for Unification of Certain Rules Relating to International Transportation by Air" (The Warsaw Convention). 49 U.S.C.A. § 1502 note (1976). A carrier's liability for damages due to delays in delivery is addressed by provisions in Article 19 while Article 26 outlines the respective notice requirements. The relevant portions of these Articles is as follows:

"Article 19 The carrier shall be liable for damage occasioned by delay in the trans-portation by air of ... goods."

"Article 26(1) Receipt by the person entitled to delivery of ... goods without complaint shall be *prima facie* evidence that the same had been delivered in good condition and in accordance with the document of transportation.

(2) In the case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and at least within ... seven (7) days from the date of receipt in the case of goods. In the case of delay the complaint must be made at the latest within fourteen (14) days from the date on which the ... goods had been placed at his disposal.

(3) Every complaint must be made in writing upon the document of transportation or by separate notice in writing dispatched within the times aforesaid.

(4) Failing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part."

Pursuant to Article 33, the parties have agreed to enlarge the time for submitting written notice of a claim for delay damages from the limit of fourteen (14) days under Article 26 to twenty-one (21) days from the date the goods are placed at the recipient's disposal.

In order to receive damages for a delay in delivery, the plaintiff must give the carrier written notice, within fourteen (in this case twenty-one) days from actual delivery. Failure to comply with the applicable notice requirements will bar plaintiff's claim. *Schmoldt Importing Co. v. Pan American World Airways, Inc.*, 767 P.2d 411 (Okla.1989); *Bennett Importing Co. v. Continental Airlines, Inc.*, 21 Av.Cas. (CCH) 17, 917 (U.S.D.C.Mass.1988). The correspondence Crouse–Hinds submitted to Pan Am, spoke only in terms of damages for non-delivery. Subsequent to actual delivery, Crouse–Hinds failed to notify the carrier within twenty-one (21) days of their intentions to make a claim for delay damages. Plaintiff's claim must, therefore, fail and defendant's motion for summary judgment is granted.